UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC WILLIAMS JOHNSON,<br>Plaintiff,<br><br>v.<br><br>TODAN ASCENCIO,<br>Defendant. | Case No. 24-cv-05675 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against a correctional officer at San Quentin Rehabilitation Center ("SQRC"), where he is currently incarcerated. Dkt. No. 1. On December 26, 2024, the Court dismissed the complaint with leave to amend to correct the deficiency with respect to Plaintiff's free exercise of religion claim. Dkt. No. 5. Plaintiff was advised that failure to respond in accordance with the order in the time provided would result in the dismissal of the free exercise of religion claim and related state law claim with prejudice without further notice to Plaintiff. Id. at 4. The action would then proceed on the cognizable retaliation claim and related state law claims identified therein. Id.

The time to file an amended complaint has passed with no response from Plaintiff. Accordingly, this matter will proceed on the retaliation claim and related state law claims and the other claims will be dismissed with prejudice.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

In the Order of Dismissal with Leave to Amend, the Court stated as follows:

> Plaintiff names only one defendant: Todan Ascencio, an investigative security unit officer at SQRC. Dkt No. 1 at 2. Plaintiff claims Defendant Ascencio retaliated against him with threats, intimidation, and fabrication of a disciplinary report because Plaintiff aided another prisoner in filing a grievance against Defendant. Id. at 5-6, 11. Plaintiff claims Defendant's actions caused "fear and anxiety." Id. at 5. Plaintiff alleges that Defendant later violated his First Amendment right to the free exercise of religion by searching and contaminating his Ramadan meal on March 28, 2024. Id. at 8-9, 11-12. He also claims Defendant violated California Government Code § 52.1 by intentionally interfering with his First Amendment rights, and other state pendent claims which are identified as Claims III, IV, V. Id. at 14-19. Plaintiff seeks declaratory relief and damages. Id. at 11.
>
> Plaintiff's allegations, liberally construed, are sufficient to state a retaliation claim. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). It also appears that Plaintiff's state law claims under "Claim IV" and "Claim V" are so related to the retaliation claim such that "they form part of the same case or controversy under Article III of the United States Constitution" to warrant supplemental jurisdiction. See 28

2

U.S.C. § 1367(a).

Dkt. No. 5 at 2. The Court found the allegations were insufficient to state a claim for the violation of Plaintiff's right to the free exercise of religion under the First Amendment. Id. at 3. Because Plaintiff has failed to file an amended complaint correcting the deficiency, the claim will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's claim for the violation of his right to the free exercise of his religion under the First Amendment and related state law claims are **DISMISSED with prejudice** for failure to state a cognizable claim for relief. This action shall proceed on the cognizable retaliation claim and related state law claims.

2.  Defendant **Todan Ascencio** shall be served at SQRC.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service

Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

      3.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

          a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

          b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

      4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.     Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**  February 18, 2025

EDWARD J. DAVILA
United States District Judge